

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00013-CR

EX PARTE LUIS ANGEL RECENDIS-TREJO

On Appeal from the County Court
Kinney County, Texas
Trial Court No. 12578CR

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

## MEMORANDUM OPINION

This Court previously reversed the trial court's denial of Appellant's pretrial writ of habeas corpus and remanded the matter to the trial court for an evidentiary hearing.[1] *Ex parte Recendis-Trejo*, No. 06-23-00206-CR, 2023 WL 8270637 (Tex. App.—Texarkana Nov. 30, 2023, pet. filed) (mem. op., not designated for publication). Before the issuance of our mandate, and while the State's petition for discretionary review was pending before the Texas Court of Criminal Appeals, the trial court issued another denial of Appellant's pretrial writ of habeas corpus, which is the subject of this appeal.

Recognizing that the trial court's action prior to the issuance of our mandate was a nullity, TEX. R. APP. P. 25.2(g) ("Once the record has been filed in the appellate court, all further proceedings in the trial court—except as provided otherwise by law or by these rules—will be suspended until the trial court receives the appellate-court mandate."), Appellant filed a motion to voluntarily dismiss this appeal, *see* TEX. R. APP. P. 42.2(a). Appellant's motion to dismiss also states his desire to "await a decision from the Court of Criminal Appeals before pursuing his claim again." Appellee, the State of Texas, consents to the dismissal.

---

[1]Originally appealed to the Fourth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.).

We vacate the trial court's denial of Appellant's pretrial writ of habeas corpus issued on January 9, 2024, grant the appellant's motion to voluntarily dismiss the appeal, and dismiss this appeal.[2]

Jeff Rambin
Justice

Date Submitted:      March 11, 2024
Date Decided:       March 12, 2024

Do Not Publish

---

[2]Based on our disposition of this appeal, we deny as moot the State's pending motion to dismiss.